Dear Honorable Ana Sol Gutiérrez Maryland House of Delegates
You have asked for our opinion whether the Motor Vehicle Administration ("MVA") may require individuals who present foreign identification as part of an application for a Maryland driver's license to produce documentation that they are legally present in the United States as a condition of issuance of a license.
In our opinion, the MVA may require such individuals to provide additional evidence of identification and may specify immigration-related documents among the acceptable forms of identification. However, the MVA may not deny a license to an individual because he or she is unable to prove lawful presence in this country.
 I
Statutory Prerequisites for a Driver's License
Under the Maryland Vehicle Law,[1] an individual may not drive or attempt to drive in Maryland unless the person holds a Maryland driver's license or is exempt from the licensing requirements of that law. TR § 16-101(a). Many of the exemptions encompass individuals who have recently arrived in Maryland,[2] who drive particular types of vehicles,[3] or who drive vehicles for a particular purpose.[4] A number of the exemptions cover drivers who are domiciled and licensed in other jurisdictions. For example, an individual who resides in another state and has a valid driver's license from that state is not required to obtain a Maryland license.
TR § 16-102(a)(9). Similarly, a person who resides outside the United States and has a valid license from that country may drive in Maryland without obtaining a Maryland license. TR § 16 — 102(a)(10).[5]
These provisions, in effect, make a Maryland driver's license a prerequisite to driving in Maryland for a Maryland resident and for a non-resident who is not licensed elsewhere. While a person must give a "Maryland residence address" in an application for a driver's license, TR § 16-106(b)(1), the law does not require that a person be a resident of the State to be licensed here if he or she is not licensed elsewhere.
In any event, the definition of Maryland "resident" in the Maryland Vehicle Law does not include any reference to the individual's status under the federal immigration laws. See TR § 11 — 149. Rather, it sets forth several alternate tests: (1) the driver is domiciled in Maryland — that is, that the individual lives in Maryland and intends to stay; (2) he or she owns, leases, or rents a primary residence in Maryland and has resided in the State for a year, regardless of whether the individual intends to stay; (3) the individual maintains a main or branch office or warehouse facility in Maryland and bases and operates motor vehicles in the State; or (4) the driver has filed as a Maryland resident for income tax purposes. Id. Finally, while the law lists a variety of disqualifications for licensure, the inability to show lawful presence in the country is not one of them. TR §§ 16-103 and 16-103.1. Thus, a driver need not prove that he or she is lawfully present in the United States in order to be a resident of Maryland for purposes of the Maryland Vehicle Law.
An application for a driver's license is made on a form devised by the MVA. TR § 16-106(a). The application must include the applicant's full name, Maryland residence address, employer, race, sex, height, weight, general physical condition, and date of birth, whether the applicant has previously been refused a license to drive and if so, in what state or country, whether the applicant has previously been licensed to drive, and if so, in what state or country, and "[a]ny other pertinent information that the Administration requires." TR § 16-106(b). An applicant for a license must also submit a "birth certificate or other proof of age and identity that is satisfactory to the Administration." TR § 16-106(d). As part of the application process, the MVA may request driving records from another jurisdiction in which the person has been licensed to drive.
TR § 16-106(e).
The MVA has adopted regulations elaborating on the requirement that an applicant provide proof of age and identity. See COMAR 11.17.09. In general, applicants must provide both a birth certificate and at least one other "primary source of identification." COMAR 11.17.09.04A(a). A foreign-born applicant must provide two primary — or one primary and two secondary — sources of identification. COMAR 11.17.09.04A(7). The regulations identify 21 "primary" sources of identification, including many immigration — related documents.[6]
 II Analysis
The Maryland Vehicle Law is designed to control motor vehicle traffic on the streets and highways of Maryland. Byrd v. State, 13 Md. App. 288,293, 283 A.2d 9 (1971), cert. denied, 264 Md. 746 (1972). Although driver's licenses are frequently used as a form of identification,[7]
the primary purpose of the driver licensing requirement is to allow the State some regulatory control over those who operate motor vehicles to ensure driver competency and thereby promote public safety. Ruggles v. State, 120 Md. 553, 561, 87 A.2d 1080 (1913). Proof of the driver's lawful residence in Maryland does not appear to be related to the latter purpose. Accordingly, the Maryland Vehicle Law does not require that an applicant demonstrate lawful residence in Maryland as a condition for the issuance of a driver's license.[8]
Nor does federal law preclude the issuance of a state driver's license to an undocumented immigrant. A 1996 amendment of the Immigration and Nationality Act expressly bars a state from providing grants, contracts, loans, professional licenses, commercial licenses, or any retirement, welfare, health, disability, public or assisted housing, postsecondary education, or food assistance benefits to illegal aliens unless state law is expressly amended after August 22, 1996 to provide such benefits. See8 U.S.C. § 1621(c) and (d). Driver's licenses are noticeably absent from this list.[9] Instead, a federal law passed in the same session of Congress permits the states to "conduct pilot programs to determine the viability, advisability, and cost-effectiveness of the State's denying driver's licenses to aliens who are not lawfully present in the United States." Pub.L. 104-208, Div. C, Title V, § 502, 110 Stat. 3009-671
(September 30, 1996). Maryland has not adopted such a pilot program.
As noted above, an application for a driver's license must include "any other pertinent information" requested by the MVA.
In addition, the Maryland Vehicle Law authorizes the agency to require submission of "proof of . . . identity that is satisfactory to the [MVA]." Thus, the Legislature has accorded the MVA some discretion to determine what information must accompany an application for a driver's license and to investigate any prior license held by the individual.
Many immigration-related documents are issued only upon submission of detailed information concerning the identity and background of an individual. For example, to obtain permanent resident status an individual must provide extensive biographical information, be photographed and fingerprinted, and submit copies of a birth certificate and passport, among other things. See Bureau of Citizenship and Immigration Services Form 1-485 and Instructions. Although lawful residence status is not a prerequisite for a driver's license, the MVA could determine that official immigration-related documentation is helpful in establishing a person's identification and, when other satisfactory documentation is unavailable, could require such information. However, an applicant's inability to prove lawful presence in the United States is not itself grounds for denial of a license.
 III Conclusion
In our opinion, the MVA may require an applicant for a Maryland driver's license who lacks a domestic birth certificate to provide alternative forms of identification and may include immigration-related documents among the acceptable forms of identification. However, under the Maryland Vehicle Law, a person's inability to establish lawful presence in the United States is not a basis for denying that person a driver's license.
 J. Joseph Curran, Jr. Attorney General
 Kathryn M. Rowe Assistant Attorney General Robert N. McDonald Chief Counsel Opinions and Advice
[1] The Maryland Vehicle Law is codified in titles 11 through 27 of the Transportation Article ("TR") of the Annotated Code of Maryland.
[2] A new resident of Maryland may drive on a license issued in another state during the first 60 days of residence in Maryland; a member of the armed forces who returns from foreign duty may drive for 30 days without a Maryland license. TR § 16-102(a)(6), (8).
[3] See TR § 16-102(a)(3) (individuals driving farm tractors, dock equipment, and similar vehicles); TR § 16-102(a)(4) (individuals driving mobile cranes).
[4] See TR § 16-102(a)(1) (federal employees driving on official business); TR § 16-102(a)(11) (members of the Maryland National Guard driving military vehicles as part of their duties).
[5] There are also exemptions for members of Congress from other states who temporarily reside in Maryland, and members of the armed forces or Public Health Service who are licensed in their home states. See TR § 16-102(a)(2), (7); see also TR § 16-102(a)(5) (students enrolled in school in Maryland or a bordering state who have driving privileges in their home states).
[6] The MVA has included among the permissible primary sources of identification the following immigration-related documents: a valid foreign passport, a certificate of U.S. citizenship, a certificate of naturalization, an alien registration receipt card, an employment authorization card or document, a temporary resident card, and a refugee's arrival/departure card. COMAR 11.17.09.04D(1)(k)-(r).
[7] See In the Matter of Heilig, 372 Md. 692, 697 n. 2, 816 A.2d 68
(2003) (strongly suggesting that the MVA should not permit a gender designation on a license that differs from the individual's birth certificate in light of the use of driver's licenses as a form of identification).
[8] The Michigan Attorney General has reached a similar conclusion with respect to Michigan law. 1995-96 Mich. Op. Atty. Gen. 120, 1995 WL 756150
(1995) (although Michigan law prohibited issuance of licenses to "non-residents," an illegal alien may establish residence in Michigan and qualify for a license). By contrast, Georgia law explicitly states that an individual does not qualify as a "resident" for purposes of its vehicle law unless the person is a citizen or a lawful immigrant. See John Doel v. Georgia Department of Public Safety, 147 F. Supp.2d 1369
(N.D. Ga. 2001); see also Lazos Vargas, Missouri, the "War on Terrorism," and Immigrants: Legal Challenges Post 9/11, 67 Mo. L.Rev. 775, 798-807 (2002) (discussing recent state developments on whether lack of legal immigration status should disqualify an applicant for driver's license).
[9] Lawful residence in the United States is effectively a prerequisite for obtaining a commercial driver's license ("CDL"). In particular, in accordance with federal regulations and State law, an individual applying for a CDL must ordinarily provide a social security number as part of the application. See 49 C.F.R. § 383.153(d)(1); TR § 16-810(b)(1). That requirement does not apply to an applicant for a "non-resident CDL" — i.e., a license available to a driver domiciled in a foreign country that does not issue its own CDL under certain minimum standards. 49 C.F.R. § 383.183(d)(2); TR § 16-817(d). *Page 145